ROBERT P. SMITH, Jr., Chief Judge.
We have carefully examined the entire record of this case, in which the circuit court finally denied a Department of Health and Rehabilitative Services petition to declare an abused child dependent, sections 39.40, et seq., Florida Statutes (1981), and granted the petition by the half-brother of the infant’s unmarried 16-year-old mother, and his wife, to adopt the child. Chapter 63, Florida Statutes (1981). We have considered all of the Department’s arguments on appeal.
The child unquestionably was dependent on account of abuse by his custodian when the Department’s petition was filed, and the court unaccountably delayed ruling on the petition for two years. Section 39.-408(l)(a), Florida Statutes (1981). But responsibility for that delay must be shared by the Department, so it would seem from a record revealing no vigorous efforts to secure an earlier ruling. We are aware of the adoptive mother’s responsibility for the abuse and of the seeming incongruity of judicial proceedings later granting her adoption of the child.
We are aware, too, of the false affidavits submitted in Dale County, Alabama; that a Florida judge was forced to recuse himself by improper contacts from a relative of the adoptive father; and that the parent-child bonding by the adoptive mother was accomplished while the unattended dependency petition grew stale, and while the child was in the nominal custody of another relative who used her court appointment as surrogate for the same person, now the adoptive mother, whose prior abuse disqualified her to be formal custodian during these protracted proceedings.
Finally, we are aware that the Department was not directed to supervise the *26 child, before the adoptive order was entered, in the care of the adoptive parents. Though section 63.122(1) would appear to require that supervision, the Department’s Rule IOC-12.31, Fla.Admin.Code, construes the statute as not requiring it when the custodian is a relative within the third degree, except by court order. The circuit court’s oral admonition to the adoptive mother, its continuing powers under section 39.41, and its order for Department supervision pending appeal would appear to suffice.
We disapprove the haphazard treatment of the dependency petition for two years in which, as it turned out, the person responsible for the abuse, and for the child’s dependency, was bonding the child to herself. Compare the same court’s neglect of other statutes governing child placement, and the Department’s statutory role, in Department of Health and Rehabilitative Services v. The Lasky Baby, 416 So.2d 1148 (Fla. 1st DCA 1982).
Yet we cannot say as a matter of law that the adoption order was erroneous when entered, or that another disposition is required now as a matter of law. The child’s welfare being the ultimate consideration, there is evidence and reason to expect and believe that by this order the child’s most unfortunate beginning in life has taken a hopeful turn in the care of loving parents.
AFFIRMED.
MILLS and THOMPSON, JJ., concur.